## HENRY DAUB v. DAVID J. McCOY.

No. 15,171.   (91 Pac. 91.)

### SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Consideration of a Case on the Merits Pending a New Trial.* Where a district court properly sets aside a verdict in favor of the defendant on the ground of misconduct of the jury and grants a new trial, this court, pending such new trial, cannot at the instance of the defendant reverse the decision of the district court and direct a judgment in favor of the defendant upon the merits of the case.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed July 5, 1907. Affirmed.

*Hazen & Gaw,* for plaintiff in error.

*Robert D. Garver,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This was an action to recover damages for breach of contract, commenced in the district court of Shawnee county.

On the trial the defendant recovered a verdict. On motion of the plaintiff the verdict was set aside and a new trial granted. The defendant brings the case here and asks this court to reverse the order of the court granting a new trial, and, in addition thereto, to direct a judgment in his favor. The new trial was granted on account of misconduct of the jury during their deliberations. The defendant insists that the verdict

was right regardless of the methods by which it was reached. In fact he claims that under the law the plaintiff has no right to recover against the defendant in any view of the case.

But the question for the consideration of this court is, Did the district court err in granting a new trial on the ground of misconduct of the jury? We think not. This is as far as we need to inquire. A new trial has been granted, and this court cannot assume that the trial court will not administer the law correctly upon the new trial. Until the case is finally disposed of by the trial court, this court cannot review the case on its merits.

The judgment of the district court is affirmed.